IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-0189-MJR-SCW |
| | ) |
| KIMBERLY BUTLER, | ) |
| LT. TRACY LEE, | ) |
| CEDRIC McDONNOUGH, | ) |
| JOHN TROST, M.D., | ) |
| STEPHEN RITZ, D.O., | ) |
| and LARRY KANIA, | ) |
| | ) |
| Defendants.[1] | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

**REAGAN, Chief Judge:**

On April 10, 2017, the undersigned District Judge completed threshold review of Plaintiff Smith's pro se civil rights complaint, under 28 U.S.C. 1915A. In that Order, the Court organized Smith's claims into counts, explained that some counts survived for further review, and dismissed other counts and defendants. Four of the Defendants (Trost, Ritz, Butler, and McDonnough) entered and answered, raising the defense of failure to exhaust administrative remedies, as required under the Prisoner Litigation Reform Act or "PLRA." (The other two Defendants, Kania and Lee, recently waived service and have answers due April 9, 2018.)

---

[1] Plaintiff's complaint identified three of the defendants as "Dr. J. Trost," "Dr. Ritz," and "C/O MacDonough." Later pleadings have clarified the proper names of these individuals as "John Trost, M.D.," "Stephen Ritz, D.O.," and "Cedric McDonnough" (see, e.g., Docs. 26, 27, 38, 40). The Clerk's Office shall correct the docket sheet to reflect these defendants' names, as should the parties in future pleadings.

The PLRA provides: "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until … administrative remedies as are available are exhausted." **42 U.S.C. 1997e(a).** Exhaustion is a condition precedent to suit in federal court, so the inmate must exhaust *before* he commences his federal litigation. He cannot exhaust while his lawsuit is pending. *See Perez v. Wisconsin Department of Corr.*, **182 F.3d 532, 535 (7th Cir. 1999);** *Dixon v. Page*, **291 F.3d 485, 488 (7th Cir. 2002).**

Now before the Court are exhaustion-based summary judgment motions filed by Defendants Ritz and Trost (Doc. 39) and Defendants Butler and McDonnough (Doc. 48). On February 5, 2018, Magistrate Judge Stephen C. Williams submitted a Report and Recommendation (R&R, Doc. 61) recommending that the undersigned District Judge deny Defendants' motions. The R&R concludes that Plaintiff's attempts to exhaust were thwarted, and since Plaintiff's administrative remedies were not "available" to him, exhaustion-based dismissal is not appropriate.

The R&R plainly stated that any objection must be filed by February 22, 2018. That date passed, and no objection was filed. The undersigned need not conduct de novo review of the R&R. **28 U.S.C. 636(b)(1)(C) (A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.);** *Thomas v. Arn*, **474 U.S. 140 (1985);** *Johnson v. Zema Systems Corp.*, **170 F.3d 734, 741 (7th Cir. 1999);** *Video Views Inc., v. Studio 21, Ltd.*, **797 F.2d 538 (7th Cir. 1986).**

The Court **ADOPTS** Judge Williams' Report and Recommendation (Doc. 61) in its entirety and **DENIES** Defendants' motions for summary judgment (Doc. 39 & 48) .

IT IS SO ORDERED.

DATED February 23, 2018.

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge