UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No.   3:17-cv-00189-GCS |
| | ) |
| KIMBERLY BUTLER, TRACEY LEE, | ) |
| CEDRIC MCDONNOUGH, JOHN | ) |
| TROST, STEPHEN RITZ, and | ) |
| LAWRENCE KANIA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

This matter comes before the Court to address Plaintiff's court appointed attorney Robert G. Jones's repeated failure to respond to Court Orders. On September 5, 2019, the undersigned granted Defendants' motions for summary judgment and directed the Clerk of the Court to enter judgment reflecting the same. (Doc. 103).[1] Judgment reflecting the same was entered on September 6, 2019. (Doc. 105). On July 24, 2020, Smith, pro se, filed a motion for status of his case. (Doc. 110). The Court granted the motion and informed Smith of the Court's September 5, 2019 ruling and September 6, 2019 judgment on July

---

[1] In granting the motion for summary judgment, the Court, pursuant to SDIL Local Rule 7.1(c), found Smith's failure to respond to the summary judgment motions as an admission of the merits of the motion for summary judgment. At this time, Smith was represented by Attorney Jones.

27, 2020. (Doc. 111). Thereafter, Smith filed a pleading in response to the Court's July 27, 2020 Order indicating that he tried many times unsuccessfully since December 28, 2018 to contact Attorney Jones for a status update of his case, that he was not aware the case was assigned to another judge and that he was not aware that his case was closed. (Doc. 112). Therefore, the Court issued an Order directing Attorney Jones to respond to Plaintiff's pleading on or before September 9, 2020 (Doc. 113). Attorney Jones failed to respond to that Court Order. Thus, the Court issued an October 9, 2020 Show Cause Order directing Attorney Jones to Show Cause in writing on or before October 23, 2020 why he should not be sanctioned for failing to comply with the Court's August 18, 2020 Order. (Doc. 116). Again, Attorney Jones failed to respond to the Show Cause Order. Therefore, the Court issued another Show Cause Order directing Attorney Jones to Show Cause in writing on or before November 12, 2020, why he should not be sanctioned, monetary and/or otherwise, for failing to respond to Court Orders. The Show Cause Order also directed the Clerk of the Court to mail paper copies of the relevant documents and Orders to Attorney Jones. (Doc. 117). As of this date, Attorney Jones repeatedly has failed to respond to Court Orders.

"To hold a party . . . in civil contempt, the district court must be able to point to a decree from the court which set[s] forth in specific detail an unequivocal command which the party . . . in contempt violated." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999); *see also Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014). [C]ourts have inherent power to enforce compliance with their lawful orders through civil

contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990). *See also United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001)(stating that "[a] court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." (citation omitted)). Civil contempt is distinguished from criminal contempt because "civil contempt may be imposed if proven by clear and convincing evidence, and without the full criminal procedural process, while criminal contempt may be imposed only after the subject of the contempt proceeding has been afforded the protections that the Constitution requires of such criminal proceedings[.]" *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 508 (7th Cir. 2016) (citations and internal quotation marks omitted). The purpose of criminal contempt is to either punish a party, vindicate the court's authority, or deter future misconduct, whereas civil contempt sanctions are designed to coerce compliance with a court order or compensate a party for losses resulting from another party's failure to comply with a court order. *See In re Grand Jury Proceedings*, 280 F.3d 1103, 1107 (7th Cir. 2002). For example, sanctions that are designed to lapse once the contemnor purges his or her contempt such that the contemnor "carries the keys of his prison in his own pocket" are civil contempt sanctions. *Id.* at 1107.

Because coercive sanctions "are generally reserved for those case[s] involving current or continuing violations," *E.E.O.C. v. Dial Corp.*, No. 99 C 3356, 2001 WL 1945089, at *5 (N.D. Ill. Dec. 6, 2001), a civil contempt sanction may transform into a criminal contempt sanction if there is "no reasonable possibility that the contemnor would ever

comply with the court's demands." *In re Grand Jury Proceedings*, 280 F.3d at 1109. "[I]rrespective of the nature of the civil contempt, whether it be coercive or remedial, any sanction imposed by the court must be predicated on a violation of an explicit court order." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999).

A party can be held in civil contempt if (1) there was a decree from the Court that set forth in specific detail an unequivocal command, (2) there is clear and convincing evidence that the decree was violated, (3) the violation was significant in that it was not substantial compliance, and (4) the violator has not been reasonably diligent and energetic in attempting to accomplish what was ordered. *See Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014); *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989).

Clearly, all four factors for a finding of contempt has been established through Attorney Jones' inaction regarding the recent Court Orders in this matter. First, the August 19, 2020 Order, the October 9, 2020 Show Cause Order and the October 28, 2020 Show Cause Order, all set forth unambiguous commands to respond and to explain why he failed to respond to the Court's orders. Second, Attorney Jones violated the August 19, 2020 Order and both Show Cause Orders by refusing to file any response. Third, the violation was significant in that Attorney Jones is blatantly refusing to respond to the Court and ignoring Court Orders. Fourth and finally, Attorney Jones failed to make a reasonable and diligent effort to comply. Thus, the undersigned **FINDS** Attorney Jones in contempt of Court for failing to follow the aforementioned Court Orders.

Because of the foregoing, the Court believes it is appropriate to impose a coercive civil contempt sanction on Attorney Jones in order to compel compliance with the Court's previous Orders. In particular, the Court will impose a fine of $100 a day for each day that Attorney Jones failed to respond to the Court's Orders starting on September 9, 2020 (the first deadline issued by the Court that Attorney Jones failed to respond). The Court will give Attorney Jones a 30-day grace period, December 17, 2020, before the fine will be imposed. If Attorney Jones responds in writing with evidence establishing good cause for his failure to respond to the Court Orders before the expiration of the grace period, December 17, 2020, he will not incur the sanctions mentioned above. However, if Attorney Jones fails to submit evidence sufficient to explain his non-compliance with the previous Court orders, he will begin to incur sanctions of $100 a day for each day he is not in compliance and the potential of the issuance of a writ of body attachment to secure his appearance, confinement, and/or remedial financial sanctions at the upcoming hearing.

Because Attorney Jones has an opportunity to "purge" these sanctions before they are imposed by complying with the Court's previous Orders, they are civil in nature. Finally, the Court will set a hearing via separate notice to be held approximately two months from now to address the status of compliance.   If Attorney Jones responds explaining with good cause his failure to respond to the aforementioned Court Orders, this hearing will be removed from the Court's calendar. Otherwise, Attorney

Jones must appear as ordered or face monetary sanctions, including the potential of criminal sanctions. The hearing will be set via separate notice.

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Memorandum & Order to Attorney Jones at the address on the docket sheet.

**IT IS SO ORDERED**.

**DATED:   November 17, 2020.**

Digitally signed by Judge Sison 2
Date: 2020.11.17 16:10:19 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**